## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAVERNE LOEHR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:22-cv-745 |
| | ) | |
| MOBILE PRIMARY CARE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  NATURE OF THE CASE

1.      Plaintiff, Laverne Loehr ("Loehr"), by counsel, brings this action against Defendant, Mobile Primary Care, LLC ("Defendant") alleging violations of the Fair Labor and Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Indiana law.

### II.  PARTIES

2.      Loehr is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3.      Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III.      JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343 and 29 U.S.C. § 216(b).  Loehr's state law claims arise from a common nucleus of facts as her Federal claims and, therefore, all of her claims form a single case and controversy.

5.      Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d).

6.      Loehr is an "employee" as that term is defined by 29 U.S.C. § 203(e)(1).

7.      Defendant is subject to the FLSA because it is an enterprise engaged in interstate commerce and Defendant generates an annual gross volume of sales made or business done in excess of $500,000.00.

8.      A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV.    FACTUAL ALLEGATIONS

9.      Loehr was hired by Defendant on January 9, 2020, as a Nurse Practitioner.

10.     Loehr was to be compensated with 35% of the net revenue for the reimbursement for services rendered to Defendant's patients.  The reimbursements for the services would occur across state lines.

11.     Loehr reported to John Runge, Defendant's Owner.

12.     When she started, Loehr was told that she would have to wait 90 days before she could receive her first paycheck.

13.     Loehr was supposed to receive a paycheck on April 25, 2020, but she was informed by the Defendant that the Defendant was holding her paycheck to cover the remaining payroll advances that it issued out to other employees.  Ultimately, Defendant decided to retain Loehr's entire check and not pay Loehr.

14.     Between January 9, 2020 and May 6, 2020, Loehr worked, on average, 4 days per week, approximately 16 hours per day.  She would see approximately 13

2

patients per day, each generating around $200 of revenue per patient.

15.     Loehr would generate approximately $2,600 in revenue per day for the Defendant, or $10,400 in revenue per week.

16.     For the eleven (11) weeks that she completed services for Defendant's patients, Loehr generated approximately $114,400 in revenue for the Defendant. Loehr's commission for those services should have been approximately $40,040.

17.     Defendant did not provide Loehr with the agreed upon compensation for her services.  In fact, Defendant would either deduct $500 from Loehr's paychecks, or not pay Loehr at all, despite performing the work required.  Defendant only paid a total of approximately $8,000.00 during the duration of her employment, which is less than minimum wage for the total number of hours worked by Loehr.

18.     On or about May 6, 2020, Defendant terminated Loehr's employment.

19.     Upon information and belief, Defendant employed but refused to pay other Nurse Practitioners.

## V.  CAUSES OF ACTION

### COUNT I:  BREACH OF CONTRACT

20.     Loehr hereby incorporated by reference paragraphs one (1) through nineteen (19) of her Complaint.

21.     Loehr and Defendant had a valid contract for employment wherein Defendant agreed to compensate Loehr for the work that she provided.

22.     Defendant breached the contract by failing to pay all of the compensation due to Loehr.

3

23.     Loehr has suffered damages as a result of Defendant's breach of the agreement.

## COUNT II: FAILURE TO PAY WAGES

24.     Loehr hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint as if the same were set forth at length herein.

25.     The Defendant failed to pay wages or compensation due to Loehr on the next usual and regular day for payment of wages, or the regular pay day for the pay period during his employment in violation of Indiana law.

26.     The Defendant has failed for ten (10) days after demand of payment was made to pay Plaintiff for his labor.

27.     Loehr has suffered damages as a result of the Defendant's failure to pay.

## COUNT III: UNJUST ENRICHMENT

28.     Loehr hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint as if the same were set forth at length herein.

29.     The Defendant has failed and/or refused to pay wages due to Plaintiff for her labor and services during her tenure of working for Defendant.

30.     The Defendant has been unjustly enriched by keeping funds that are the property of the Plaintiff.

## COUNT IV:  FLSA – FAILURE TO PAY MINIMUM WAGE

31.     Loehr hereby incorporates paragraphs one (1) through thirty (30) of her Complaint as if the same were set forth at length herein.

32.     Loehr is a non-exempt employee of Defendant who engaged in commerce and/or in an enterprise engaged in commerce.

33.     Defendant intentionally and willfully failed to compensate Loehr at minimum wage for the hours worked within the required time frame.

34.     Loehr is entitled to recover from Defendant all compensation which she earned as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

35.     Defendant's actions in denying Loehr his wages are intentional, willful, and/or done with reckless disregard for her statutory rights.

<u>**COUNT V:  FLSA – FAILURE TO PAY OVERTIME**</u>

36.     Loehr hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint as if the same were set forth at length herein.

37.     Loehr is a non-exempt employee of Defendant who is engaged in commerce and/or in an enterprise engaged in commerce.

38.     Defendant intentionally and willfully failed to compensate Loehr at least one and one-half times the minimum wage rate of pay for time she spends performing work-related duties in excess of a workweek of forty (40) hours.

39.     Loehr is entitled to recover from Defendant all compensation which she earned as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

40.     Defendant's actions in denying Loehr her wages are intentional, willful, and/or done with reckless disregard for her statutory rights.

## VI. **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Laverne Loehr, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Permanently enjoin Defendant, its agents, employees, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages regarding Loehr and complained of herein and from continuing any and all other practices, policies, customs, or usages against Loehr and shown to be in violation of applicable law;

2. Order modification or elimination of practices, policies, customs, and usages against Loehr and complained of herein and all other such practices, policies, customs, or usages against Loehr and shown to be in violation of applicable law so that Defendant, its agents, and employees do not discriminate or retaliate on the basis of race toward Loehr and others;

3. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Liquidated damages for Defendant's failure to pay wages under the FLSA and Indiana law;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Ryan Sullivan
Ryan Sullivan, Atty. No. 34217-64
144 North Delaware Street
Indianapolis, IN 46204
Telephone:   (317) 991-4765
Facsimile:     (812) 424-1005
Email: rsullivan@bdlegal.com

Attorney for Plaintiff, Laverne Loehr

## DEMAND FOR JURY TRIAL

Plaintiff, Laverne Loehr, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Ryan Sullivan
Ryan Sullivan, Atty. No. 34217-64
144 North Delaware Street
Indianapolis, IN 46204
Telephone:   (317) 991-4765
Facsimile:     (812) 424-1005
Email: rsullivan@bdlegal.com

Attorney for Plaintiff, Laverne Loehr

7